# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM LEWIS BOWLES, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MASS MUTUAL LIFE INSURANCE ) <br> COMPANY, PENNYMAC LOAN ) <br> SERVICES, LLC, and WEISS SPICER ) <br> CASH PLLC, ) <br> ) <br> Defendants. ) | No. 15-2677-STA-tmp |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court is Defendant PennyMac Loan Services, LLC ("PennyMac")'s Motion to Dismiss (ECF No. 5) filed on October 16, 2015, and Defendant Mass Mutual Life Insurance Company ("Mass Mutual")'s Motion to Dismiss (ECF No. 6) filed on November 3, 2015. Plaintiff William Lewis Bowles filed a response to both Motions (ECF No. 18) on December 23, 2015. Defendant PennyMac has filed a reply. Defendants' separate Motions to Dismiss are now ripe for determination. For the reasons set forth below, the Motions to Dismiss are **GRANTED**.

## BACKGROUND

Plaintiff filed his Complaint for Declaratory Relief and Damages in the Chancery Court of Tipton County, Tennessee, on September 25, 2015. Defendants filed a Notice of Removal on October 9, 2015. For purposes of Defendants' Motions to Dismiss, the Court accepts the following well pleaded allegations of the Complaint as true. On July 26, 2001, Plaintiff executed a note and deed of trust in favor of Countrywide Home Loans, Inc. ("Countrywide") to purchase or refinance his residence at 553 Bluff Road, Drummonds, Tennessee 38023. (Compl. ¶ 5.) On

1

December 12, 2013, MERS as the nominee for Countrywide assigned Plaintiff's note and deed of trust to PennyMac. (*Id.* ¶ 6.) Neither Countrywide nor MERS is a party to this action. Sometime after December 2014, PennyMac transferred the note and deed of trust to Mass Mutual. (*Id.* ¶ 7.) The transfer put Plaintiff at risk of double payments because Mass Mutual failed to disclose the transfer as required by 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39. (*Id.* ¶ 8.) On August 28, 2015, Plaintiff gave Mass Mutual notice of rescission of the note and deed of trust by email to Defendant Weiss Spicer Cash, PLLC and by overnight delivery to PennMac and Mass Mutual. (*Id.*) The Complaint contains additional allegations about Bank of New York Mellon, Wells Fargo, and MidFirst Bank, though these allegations are perhaps a typographical error. None of these institutions is a party to this action, and so it is not clear how the allegations support Plaintiff's claims against PennyMac and Mass Mutual.

Based on the facts alleged, Plaintiff asserts that Mass Mutual violated the Truth in Lending Act by failing to disclose the transfers of Plaintiff's note and deed of trust in 2013 and 2014. (*Id.* ¶ 12.) Plaintiff further asserts that Mass Mutual's violation of TILA gave Plaintiff the right to rescind the mortgage transaction. The Complaint also alleges a claim for fraudulent concealment under Tennessee law. According to Plaintiff, Mass Mutual owed Plaintiff a duty to disclose the transfer of the note and deed of trust "as a matter of federal law." (*Id.* ¶ 16.) The transfer was a material fact, and Mass Mutual's failure to disclose it entitles Plaintiff to rescind the note and deed of trust. (*Id.*) Finally, Plaintiff seeks a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining all Defendants from any action or attempt to foreclose on Plaintiff's property. (*Id.* ¶¶ 17, 19, 21.) Plaintiff prays for damages in the amount of $500,000.00 and an award of attorney's fees and costs.

PennyMac and Mass Mutual have filed separate Motions to Dismiss. The Court finds that both Motions are nearly identical and make the same arguments for the dismissal of the Complaint. In fact, PennyMac and Mass Mutual filed a joint reply to Plaintiff's response brief. PennyMac's opening brief departs from Mass Mutual's brief only insofar as PennyMac argues that none of the allegations concerning a violation of TILA pertain to or implicate PennyMac and that any TILA claim against PennyMac arising out of MERS's December 2013 assignment of Plaintiff's note and deed of trust to PennyMac is now time-barred. Otherwise, both Motions make the same arguments for dismissal and rely on the same case law. As such, the Court will consider Defendants' arguments together.

In the Motions to Dismiss, Defendants argue that the Complaint fails to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants have attached a copy of Plaintiff's note and deed of trust to the Motions. According to Defendants, TILA does not provide a right of rescission to a borrower based on the assignment or transfer of a mortgage. The Act exempts a "residential mortgage transaction" from the disclosure requirements that can give rise to rescission. Any right of rescission Plaintiff may have had under TILA was subject to a three-year statute of repose, running from the initial execution of the note and deed of trust in July 2001. The TILA rescission claim is therefore time-barred. For these reasons, Defendants argue that the Court should dismiss Plaintiff's TILA claim.

Defendants also seek the dismissal of Plaintiff's fraudulent concealment claim. Defendants contend that the Complaint fails to plead the elements of the claim with the requisite particularity. Specifically, the Complaint does not plead any facts to show that either Defendant owed Plaintiff a duty at common law to disclose the transfer of his loan. The Complaint also fails to allege any facts to show that Plaintiff relied on any misrepresentation to his detriment.

3

Therefore, the Court should dismiss the claims against both Defendants under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has filed a single response in opposition to Defendants' Motions to Dismiss. With respect to his fraudulent concealment claim, Plaintiff argues that both Defendants had a statutory duty to disclose the transfers of his note and deed of trust and that the source of the statutory duty is TILA. The Court should conclude then that the Complaint pleads this element of Plaintiff's fraudulent concealment claim. As for the TILA claim for rescission, Plaintiff responds that rescission is available as a remedy for violations of TILA even against the assignees of a mortgage. Plaintiff cites for support 15 U.S.C. § 1641(g) and its implementing regulation at 21 C.F.R. § 226.39(d)(3). Plaintiff argues that the Act itself specifically requires the disclosure of a transfer or assignment of a mortgage. The Court should hold that Plaintiff's notice of rescission in August 2015 was within TILA's three-year statute of limitations for Defendants' separate violations of the disclosure requirement. Therefore, the Court should deny both Motions to Dismiss.

Defendants have filed a joint reply. Defendants observe in a footnote that Plaintiff actually filed his response brief one day late. On the merits, Defendants argue that Plaintiff was given notice of the transfer of his note on June 23, 2014. Defendants attached a copy of the notice to their joint reply and argue that the Court can consider the exhibit at the pleadings stage because the Complaint refers to the lack of notice. Defendants conclude by reiterating their other arguments about the untimeliness of Plaintiff's TILA claim and their contention that the transfer of the mortgage is an exception to TILA's disclosure requirement.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Rescission under the Truth in Lending Act

Plaintiff primarily seeks rescission of his note and deed of trust for violations of the Truth in Lending Act. Plaintiff alleges that Defendants violated TILA by failing to provide notice of the transfers in 2013 and 2014 of his note and deed of trust. The Complaint alleges that Plaintiff gave Defendants notice of his intent to rescind the mortgage in August 2015. "TILA requires that creditors make certain disclosures as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions."[8] Among the disclosures required under the Act, a creditor that becomes the new owner or assignee of a mortgage loan must give the borrower written notice within 30 days of the sale, transfer, or assignment of the loan.[9] The written notice must include the identity and contact information of the new creditor, the date of the transfer, instructions on how to reach a party with authority to act on behalf of the new creditor, the location of the place where the transfer of ownership is recorded, and other relevant information.[10] In this case Plaintiff seeks the remedy of rescission pursuant to 15 U.S.C. § 1635.[11] Defendants argue that rescission is not available because the three-year statute of repose has run on such a claim and Plaintiff's mortgage loan is exempt from TILA's right of rescission. The Court agrees that rescission is not available as a remedy for any TILA violation arising from Defendants' alleged failure to disclose the transfer of Plaintiff's mortgage.

---

[8] *United States v. Petroff-Kline*, 557 F.3d 285, 294 (6th Cir. 2009).

[9] 15 U.S.C. § 1641(g)(1).

[10] *Id.*

[11] Compl. ¶ 29.

TILA allows a consumer to exercise the right of rescission in limited, specific circumstances. Under 15 U.S.C. § 1635(a),

> in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.[12]

Section 1635(d) goes on to provide that the right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."[13] The question for the Court is whether TILA allows Plaintiff to exercise the right of rescission as a remedy for Defendants' alleged failure to disclose the 2013 and 2014 transfers of Plaintiff's note and deed of trust.

This Court has recently considered this issue in two other cases and held that rescission is not available as a remedy for the failure to disclose the assignment of a residential mortgage under 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39. In *Robertson v. U.S. Bank*, 14-cv-02677-SHM-cgc, United States District Judge Samuel H. Mays reasoned that 15 U.S.C. § 1635(f) grants an obligor a "three-year continuing right of rescission only when the creditor fails to make all

---

[12] 15 U.S.C. § 1635(a).

[13] § 1635(d).

required, material disclosures about a consumer credit transaction."[14] An assignment is not one of the material disclosures listed or identified in TILA. Judge Mays concluded then that a violation of the TILA disclosure requirement under § 1641(g) would not entitle a plaintiff to the three-year right to rescind available under § 1635(f). The undersigned found *Robertson* to be persuasive and followed its reasoning in *Wigley v. American Equity Mortgage*, No. 15-2473-STA-cgc. In granting the defendant's motion to dismiss a claim for rescission, the Court in *Wigley* concluded that the failure to disclose the assignment of a deed of trust did not trigger a three-year right to rescind the mortgage transaction.[15] Plaintiff's claim for rescission in this case fails for the same reasons. Therefore, the Court holds that Plaintiff has failed to state a TILA claim for rescission based on the notice of rescission Plaintiff served on Defendants in August 2015.

Plaintiff opposes the dismissal of his rescission claim, arguing that Congress amended 15 U.S.C. § 1641(g) and "specifically incorporate[d] post-assignment transfers into the TILA disclosure requirement and structure and thus controls over conflicting general provisions of the TILA such as § 1635(e) and § 1602(x)."[16] Plaintiff cites no authority for this contention, and his is precisely the same argument and reasoning the Court considered and rejected in *Robertson* and *Wigley*. As set forth more fully in Judge Mays's opinion, 15 U.S.C. § 1641 was amended in 2009, and its new paragraph (g) required the disclosure within 30 days of the sale, transfer, or

---

[14] Order Granting Mot. for Summ. J. 33, Oct. 20, 2015, *Robertson v. U.S. Bank NA et al.*, No. 14-cv-02677-SHM-cgc, ECF No. 32 (citing *Barret v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 882 (6th Cir. 2006)).

[15] *Wigley v. Am. Equity Mortg.*, No. 15-2473-STA-cgc, 2015 WL 7292562, at *7 (W.D. Tenn. Nov. 17, 2015).

[16] Pl.'s Resp. in Opp'n 4 (ECF No. 18-1).

assignment of a mortgage loan.[17] Section 1640, TILA's civil liability section, was also amended to grant remedies for violations of the new disclosure requirement in section 1641(g). Specifically, section 1640 provided for awards of money damages and "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court."[18] In other words, section 1640(a) does not list rescission as a remedy for civil liability but implies that some plaintiffs will have a right of rescission under section 1635.

TILA, 15 U.S.C. § 1635 provides for the right of rescission but only for certain transactions. Section 1635(f) provides that the borrower's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first" even if the disclosures required under TILA are not delivered to the borrower.[19] The Sixth Circuit has construed section 1635(f) and its right of rescission to apply only when a lender has failed to make all "required *material* disclosures" about a consumer credit transaction.[20] TILA specifically defines "material disclosures" as "the disclosure . . . of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of

---

[17] *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 714 (6th Cir. 2013).

[18] 15 U.S.C. § 1640(a)(3).

[19] § 1635(f).

[20] *Barret*, 445 F.3d at 882 (emphasis in original) (holding that a failure "to make required *material* disclosures," including the disclosure of the right to rescind "are the types of disclosure errors that must be present to trigger the three-year right of rescission" under 1635(f)).

9

payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a).”[21] Section 1639(a) goes on to require other disclosures for certain mortgages; however, the assignment or transfer of the mortgage is not among them. Likewise, the assignment or transfer of a mortgage is not one of the required disclosures listed in TILA's implementing regulation, 12 C.F.R. 12 C.F.R. § 226.39. Therefore, the Court holds that rescission is not available as a remedy for the failure to disclose the assignment or transfer of a mortgage as required by TILA. Defendants' Motions to Dismiss the TILA claim for rescission is **GRANTED**.

## II. Fraudulent Concealment

Plaintiff next alleges that Defendants fraudulently concealed the 2013 and 2014 transfers of Plaintiff's note and deed of trust. Under Tennessee law, the tort of fraudulent concealment, also known as "constructive fraud," occurs when "a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury."[22] To establish their claim for fraudulent concealment, Plaintiffs must show

> (1) that [Defendants] concealed or suppressed a material fact, (2) that [Defendants] had a duty to disclose that fact to [Plaintiffs], (3) that [Defendants] intentionally concealed or suppressed that fact with the intent to deceive [Plaintiff], (4) that [Plaintiff was] unaware of the fact and would have acted

---

[21] 15 U.S.C. § 1602(v).

[22] *Roopchan v. ADT Sec. Sys., Inc.*, 781 F. Supp. 2d 636, 650 (E.D. Tenn. 2011) (quoting *Odom v. Oliver,* 310 S.W.3d 344, 349–50 (Tenn. Ct. App. 2009)); *see also Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) (quoting *Chrisman v. Hill Home Dev., Inc.,* 978 S.W.2d 535, 538–39 (Tenn. 1998)).

differently if [he] had known about the concealed fact, and (5) that [Plaintiff was] damaged as a result of the concealment or suppression of the fact.[23]

Quite simply, "[t]here must be a concealment, and the silence must amount to fraud."[24]

> Concealment in this sense may consist in withholding information asked for, or in making use of some device to mislead, thus involving act and intention. The term generally infers also that the person is in some way called upon to make a disclosure. It may be said, therefore, that, in addition to a failure to disclose known facts, there must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else that there must be a legal or equitable duty resting on the party knowing such facts to disclose them.[25]

Above all, fraudulent concealment must be pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.[26]

The Court holds that the Complaint fails to plead the claim for fraudulent concealment with sufficient particularity. Viewing the allegations in a light most favorable to Plaintiffs, the Complaint merely alleges that Defendants failed to disclose the assignment of Plaintiff's mortgage. The Complaint does not allege that Defendants actually concealed the assignment, acted with the intent to deceive, or even had a common law duty to disclose.[27] The Complaint also fails to allege that Plaintiff reasonably relied on any misrepresentation to his detriment or

---

[23] *Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 527 (6th Cir. 2007) (citing *Justice v. Anderson Cnty.*, 955 S.W.2d 613, 616 (Tenn. Ct. App. 1997)).

[24] *Id.*

[25] *Id.* (citing *Patten v. Standard Oil Co. of La.*, 55 S.W.2d 759, 761 (1933)).

[26] Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake."); *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 394-95 (6th Cir. 2015); *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 447 (6th Cir. 2012).

[27] *Saltire Indus., Inc.*, 491 F.3d at 528 ("Under Tennessee law, the duty to disclose arises in only three scenarios: 1. Where there is a previous definite fiduciary relation between the parties. 2. Where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other. 3. Where the contract or transaction is intrinsically fiduciary and calls for perfect good faith.").

would have acted differently if he had known of the concealed fact. Without more particular allegations, the Complaint fails to state a claim for fraudulent concealment. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.

### III. Defendant Weiss Spicer Cash PLLC

Having held that the Complaint fails to state a claim against PennyMac or Mass Mutual, only Plaintiff's claims against Defendant Weiss Spicer Cash PLLC ("Weiss Spicer") remain. The Complaint names as a Defendant the law firm of Weiss Spicer Cash PLLC, apparently in its capacity as the firm handling the foreclosure of Plaintiff's property. Defendants' separate Motions to Dismiss do not address the plausibility of Plaintiff's claims against their co-Defendant. As a result, the Court finds no reason to analyze whether the Complaint states a claim against Weiss Spicer.

The fact remains that Weiss Spicer has yet to make an appearance in this case. Plaintiff filed his Complaint on September 25, 2015, and had 120 days from that date in which to serve all Defendants under Rule 4(m) of the Federal Rules of Civil Procedure.[28] More than 120 days have now passed since the filing of the Complaint. However, Plaintiff has not filed proof of service, showing that Plaintiff served Weiss Spicer with the complaint and summons within the time allowed. Plaintiff did file a motion to remand (ECF No. 9) his case to state court based on his argument that Weiss Spicer had not joined in the Notice of Removal. PennyMac and Mass Mutual responded to the motion to remand with a notice of consent (ECF No. 10), stating that counsel for Defendants PennyMac and Mass Mutual had received consent to the removal from counsel for Weiss Spicer. Counsel for Defendants PennyMac and Mass Mutual also stated that

---

[28] Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

counsel advised counsel for Weiss Spicer to file her own notice of consent on behalf of her client, though Weiss Spicer has never done so. The Court never had to reach the issue of Weiss Spicer's consent because Plaintiff subsequently withdrew his motion to remand, acknowledging that Defendant had joined in the Notice of Removal.

Not only did Weiss Spicer fail to file a formal consent to removal, but Weiss Spicer has never filed an answer or otherwise appeared to defend. Plaintiff has taken no further action to prosecute his claims against Defendant. Plaintiff has not sought entry of default against Weiss Spicer or advanced his claims against Weiss Spicer in any other way. Therefore, Plaintiff is directed to file proof of service showing that Weiss Spicer was served within 120 days of September 25, 2015. To the extent that Plaintiff cannot show that Weiss Spicer was served within 120 days, Plaintiff is ordered to show cause as to why his claim against Defendant Weiss Spicer Cash PLLC should not be dismissed for failure to serve under Federal Rule of Civil Procedure 4(m). To the extent that Plaintiff can establish that he has effected timely service on Defendant Weiss Spicer Cash PLLC, Plaintiff is ordered to show cause as to why his claim against this Defendant should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff's show cause response is due within 14 days of the entry of this order. Failure to respond within that time will result in the dismissal of Plaintiff's claims against Defendant Weiss Spicer Cash PLLC with prejudice.

## CONCLUSION

Plaintiff's Complaint fails to state a claim for rescission under TILA or fraudulent concealment under Tennessee law against Defendants PennyMac or Mass Mutual. Therefore, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff is further ordered to show cause as to

why his claims against Weiss Spicer should not be dismissed for failure to effect service under Rule 4(m), or in the alternative for failure to prosecute under Rule 41(b). Plaintiff's show cause response is due within 14 days of the entry of this order.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date:  February 10, 2016.